AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

United States Courts
Southern District of Texas
**FILED**
*August 07, 2024*

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Stephanie Nneoma Ibiso Chidere KOKO | ) | Case No. **4:24-mj-359** |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 6, 2024__ in the county of __Harris__ in the
__Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC Sections 841(a)(1) & (b)(1)(A)(ii) | Knowingly, intentionally, and unlawfully possess with intent to distribute over 5 kilograms of a mixture or substance containing cocaine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:
See "Attachment A."

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Raul Silva, HSI Special Agent
*Printed name and title*

Sworn to before me telephonically.

Date: 08/07/2024

_____
*Judge's signature*

City and state: Bend, OR

Andrew M. Edison, U.S. Magistrate Judge
*Printed name and title*

Attachment "A"

Your affiant, Homeland Security Investigations (HSI) Special Agent, Raul Silva, being first duly sworn, deposes and states the following:

1. This affidavit is made in support of the Criminal Complaint of Stephanie Nneoma Ibiso Chidere KOKO (hereinafter "KOKO"). The facts contained in this affidavit are based upon information of my own personal knowledge, observations and/or facts related to me by other agents of HSI and/or other law enforcement personnel involved in this investigation. Because this affidavit is being submitted for the limited purpose of establishing probable cause for this arrest, the affidavit may not contain every fact known to me during the course of this investigation.

2. Pursuant to an on-going investigation, KOKO was identified after an inbound inspection at the George Bush International Airport in Houston, TX, conducted by the Customs and Border Protection (CBP).

3. On July 30, 2024, KOKO, a United Kingdom citizen, entered the United States at George Bush Intercontinental Airport via United Airlines flight UA 4. At primary inspection KOKO stated to CBP Officers that she had recently purchased her ticket, did not have gainful employment, and was just coming to see Houston without any plans. KOKO was selected for a secondary inspection, KOKO had a cart full of bags to include three large bright colored checked bags, a carry on and a purse. After a binding declaration was taken, her baggage was inspected, and agents observed that the three large bright colored bags were only 40% full and the clothing was not folded and appeared thrown in the bag. During the inspection, KOKO was asked what she did for work, and she replied that she did not work and received $900 a month for unemployment. She was also asked how much money she had in her bank account, and she stated around $4,000. She did state that she had about $1000 in cash for the trip. The CBP Passenger Enforcement Roving Team (PERT) Officers decided that KOKO would be an outbound target due to her unemployment status, purchase of the plane ticket the day prior to the trip, the cost of the plane ticket that was almost half of her saving, and travel to Houston without having any prior plans or places to visit. KOKO's inconsistencies were a match to current outbound narcotics smuggling trends. KOKO was released, and her outbound travel monitored.

4. CBP Officers noticed KOKO had cancelled her outbound ticket on 08/03/2024 and rebooked for 8/06/2024. On 08/06/2024, KOKO was attempting to exit the George Bush Intercontinental Airport (IAH) via United Airlines flight UA 880 out of Terminal E gate 5. CBP Officers were able to verify KOKO's reservation and seat assignment aboard flight UA 880 as 35L. Flight UA 880 baggage was assigned to United Airline baggage belt MU16 for loading of checked baggage. Homeland Security Investigations (HSI) Special Agents were advised of the outbound operation. CBP Officers located two blue hard sided

suitcases with KOKO's name at MU16 baggage belt. CBP Officer utilized a narcotics K-9 to sweep the two hard sided suitcases with positive results. In each suitcase, CBP Officers found a sealed cardboard box wrapped in a blanket within the suitcases. Each cardboard box was opened, and multiple brick shaped packages wrapped in tape were found within the box. CBP Officers suspected that the packages would be narcotics due to the positive alert of the CBP K-9 and the packaging is consistent with narcotics being transported by drug couriers and/or drug dealers.

5.  At approximately 4:20pm, KOKO was observed on the jet bridge and was stopped for inspection. CBP Officers received a negative declaration from KOKO to currency more than ten thousand dollars as well as exporting any weapons or firearms. Lastly, KOKO was asked if she had anything else to declare and stated "no." KOKO was advised that she was selected for inspection and would be escorted to the Custom and Border Protection Federal Inspection Station (FIS) in Terminal E.

6.  CBP Officers noticed the two blue hard sided suitcases were not the same bright colored suitcases that KOKO arrived with during her initial inspection on July 30, 2024. At approximately 4:50pm, CBP Officers arrived at the FIS with KOKO and her suitcases. CBP Officers asked KOKO if the two blue hard sided suitcases were hers and she stated "yes." A negative binding declaration was taken by CBP Officers. In the negative binding declaration KOKO took ownership of the two blue hard sided suitcases and all the contents within. CBP Officers inspected one suitcase at a time in view of KOKO. The first suitcase revealed a large cardboard box roughly the size of one side of the suitcase wrapped in a blanket. KOKO was asked what was in the box. KOKO stated, "they are gifts." KOKO was asked what kind of gifts and KOKO responded that they were electronics for KOKO's sister. KOKO was asked how she obtained the gifts and KOKO responded that they had been shipped. KOKO was then asked where she collected the items and she declared that she done so at her hotel. Upon opening the cardboard box multiple small rectangular packages wrapped in tape consistent with narcotics smuggling were observed. The second suitcase inspection resulted in the same findings including a matching cardboard box with similar rectangle taped packages.

7.  KOKO was placed in a holding cell while CBP Officers utilized the Gemini for testing Gemini operating procedures and performed a field test of the powder resulting in a positive test for Cocaine Hydrochloride. A total approximate weight of 19.29 kilograms of cocaine was recorded.

8.  HSI Agents escorted KOKO to the HSI Office located in Terminal E and attempted to interview KOKO. KOKO was advised of her *Miranda* Rights in which KOKO acknowledge her rights and requested a lawyer to be present. HSI Agents terminated the interview. At approximately 8:00pm, HSI Agents contacted AUSA J. Jocher who advised federal prosecution would be accepted.

9.   Based on my experience and the aforementioned facts, the affiant believes there is probable cause to believe that on or about August 6, 2024, Stephanie Nneoma Ibiso Chidere KOKO was attempting to exit the United States with 19.29 kilograms of cocaine concealed in her luggage, in violation of Title 21 United States Code, Section 841(a)(1) and (b)(1)(A)(ii).

Respectfully Submitted,

*[signature]*

Raul Silva
Special Agent
Homeland Security Investigations

Subscribed and sworn to telephonically on August 7, 2024, and I hereby find probable cause.

*[signature]*

Andrew M. Edison
United States Magistrate Judge
Southern District of Texas